UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| ROBERT EWELL | *<br>*    CASE NO.<br>* |
| Plaintiff, | *<br>* |
| VERSUS | *<br>* |
| CENTAURI SPECIALTY INSURANCE COMPANY AND STEVEN WILEY | *<br>*<br>* |
| Defendants. | *<br>* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

Defendant, Centauri Specialty Insurance Company, ("Centauri"), appearing herein through undersigned counsel, pursuant to 28 U.S.C. §§ 1441 and 1446, files this Notice of Removal of the captioned action *"Robert Ewell v. Centauri Specialty Insurance Company and Steven Wiley",* case no. 19-DCV-260588, on the docket of the 240th Judicial District Court in and for Fort Bend County, State of Texas. In support of its Notice of Removal, Defendant respectfully represents:

1.

Plaintiff filed this suit on March 15, 2019, in the 240th Judicial District Court in and for Fort Bend County, State of Texas.

2.

This lawsuit is filed pursuant to a residential property insurance policy, no. CHP4112653 (the "Policy"), issued by Centauri to Plaintiff which generally provided coverage for Plaintiff's property located at 1715 Plantation Drive, Richmond, Texas 77406

(the "Property"), subject to the terms of the Policy which is the best and only evidence of its contents.

3.

Plaintiff seeks payment for damages allegedly sustained to the Property as a result of a "severe storm" which is alleged to have occurred and caused damage to the Property on or about August 25, 2017.[1] Plaintiff generally alleges Centauri breached its contract of insurance by denying or underpaying Plaintiff's claim.[2] Plaintiff has also asserted claims against Centauri for bad faith pursuant to the Texas Insurance Code, Deceptive Trade Practices Act ("DTPA"), alleged violations of the common law duty of good faith and fair dealing, and fraud.[3] Plaintiff is seeking damages in excess of $100,000.00 for the claims asserted in this this lawsuit.[4]

4.

Plaintiff also sued the independent adjuster, Steven Wiley, who inspected Plaintiff's property in connection with the claim. Plaintiff asserts a number of claims against Defendant Wiley, including alleged violations of the Texas Insurance Code, the DTPA, fraud, and negligence.[5]

5.

Removal is based on 28 U.S.C. §1332, as the properly named parties are completely diverse and, based on the allegations set forth in the Original Petition, the amount in

---

[1] Exhibit A – Original Petition, ¶ 11
[2] Exhibit A – Original Petition, ¶¶ 31-33
[3] Exhibit A – Original Petition, ¶¶ 34-54
[4] Exhibit A – Original Petition, ¶88
[5] Exhibit A – Original Petition, ¶¶ 55-74

controversy exceeds the sum of $75,000, exclusive of interests and costs.

5.

Considering Plaintiff's Original Petition includes a statement that the claim exceeds $100,000.00 for all asserted claims as described above, the jurisdictional amount in controversy requirement is satisfied in this case. It is facially apparent from the petition that the amount in controversy exceeds $75,000.

6.

Absent a statute limiting recovery, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints" stating that the damages are not more than the minimum jurisdictional amount. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.1995) (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir.1992)). "The general principle is that plaintiffs will have to show that they are bound irrevocably by their state pleadings." *Id.* at 1412 n.10. No binding stipulation or affidavit was filed with Plaintiff's Petition. Accordingly, it can be presumed that Plaintiff's damages exceed the minimum jurisdictional amount.

7.

Plaintiff is a Texas resident.[6]

8.

Centauri is a foreign corporation organized under the laws of the state of Florida, with its principal place of business located in Florida.

---

[6] Exhibit A – Original Petition, ¶ 2

9.

Defendant Steven Wiley has been improperly joined and his citizenship should be disregarded for the purposes of discovery jurisdiction. A Court must disregard the citizenship of a non-diverse party if the removing defendant shows improper joinder by either: (1) "actual fraud in the pleading of jurisdictional facts"; or (2) "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F. 3d 568, 573 (5th Cir. 2004). Under the second method, the removing defendant must demonstrate "there is no possibility of recovery by the plaintiff against [the] in-state defendant, which, stated differently means that there is no reasonable basis for the district court to predict that that the plaintiff might be able to recover against [the] in-state defendant." *Id.* When determining whether a party is improperly joined, a court may "pierce the pleadings and conduct a summary inquiry" in cases where, as here, a "plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder." *Id.*

10.

There is no reasonable basis for this Court to predict that Plaintiff can recover against Defendant Wiley because Plaintiff lacks a valid claim upon which relief may be granted as to Wiley under Texas law. Plaintiff's lawsuit is governed by Chapter 542A of the Texas Insurance Code, which applies to actions on first-party insurance claims arising from alleged damage to covered property caused by "forces of nature", such as "a flood, a tornado, lightning, a hurricane, hail, wind, a snowstorm, or a rainstorm." Tex. Ins. Code Ann. § 542A.001(2). Under Chapter 542A, an insurer not in receivership "may elect to

accept whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim by providing written notice to the claimant." Tex. Ins. Code Ann. § 542A.006(a). Moreover, if an insurer makes such an election before the claimant files suit, **"*no cause of action exists against the agent related to the claimant's claim, and, if the claimant files an action against the agent, the court shall dismiss that action with prejudice.*"** Tex. Ins. Code Ann. § 542A.006(b) (emphasis added).

11.

Steven Wiley is an "agent" as defined by Tex. Ins. Code Ann. § 542A.001(1) because he is an "adjuster who performs any act on behalf of an insurer".

12.

Centauri provided written notice to Plaintiff of its election under § 542A.006 by letter dated February 11, 2019 accepting whatever liability Steven Wiley may have as an agent of Centauri with respect to Plaintiff's claim.[7] Plaintiff, through his counsel, received Centauri's notice of election on February 14, 2019.[8] Plaintiff subsequently filed suit against both Centauri and Wiley on March 15, 2019.[9]

13.

Centauri properly provided its notice of election prior to the filing of Plaintiff's lawsuit.[10] Therefore, pursuant to § 542A.006(b), no cause of action exists against Wiley for any claim-related damages and Texas law requires dismissal of the action against him

---

[7] Exhibit B – 542A.006 Notice of Election
[8] Exhibit C – USPS Proof of Receipt of Certified Mail
[9] Exhibit A – Original Petition
[10] Exhibit B – Notice of Election; Exhibit C – Proof of Receipt of Certified Mail

with prejudice. As a result, there is no possibility that Plaintiff might recover against Defendant Wiley on any of the pleaded causes of action against him in the Petition.

14.

Consent of Defendant Steven Wiley is not required because, as discussed above, Wiley has been improperly joined. *See, e.g. Rico v. Flores*, 841 F.3d 234, 239 (5th Cir. 2007) ("a removing party need not obtain the consent of a co-defendant that the removing party contends is improperly joined.").

15

Centauri was served with a copy of the Plaintiff's Original Petition on March 20, 2019, through its registered agent.[11]  Centauri is filing this Notice of Removal within 30 days receipt of the Original Petition and this notice of removal is timely.

16.

Accordingly, this Court has jurisdiction over this matter under the provisions of 28 U.S.C 1332, and this matter is removed under the provisions of 28 U.S.C. 1441 and 1446.

17.

The Judicial District Court where Plaintiff filed the Original Petition is located within the Southern District of Texas, Houston Division.  Therefore, venue is proper pursuant to 28 U.S.C. §1441(a) because it is the "district and division embracing the place where such action is pending." See 28 U.S.C. §1441(a).

---

[11] Exhibit A – Original Petition; Exhibit D – Return of Service – Centauri. Defendant Wiley was also served with Plaintiff's Original Petition on March 20, 2019.  In accordance with Local Rule 81, a copy of the return of service for Wiley is attached hereto as Exhibit E.

18.

No previous application has been made for the relief requested herein.

19.

Defendant has attached a copy of the Listing for Removal, Civil Cover Sheet, and all other filings required by Local Rule 81 as exhibits to this notice. This Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the clerk of court in the County where Plaintiff filed the Petition.

20.

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies that he has read the foregoing Notice of Removal, that, to the best of his knowledge, information and belief formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law and that it is not interposed for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation.

WHEREFORE, Defendant, Centauri Specialty Insurance Company, hereby removes the above-entitled action from the 240th Court in and for Fort Bend County, State of Texas to this, the United States District Court for the Southern District of Texas.

Respectfully submitted,

LOBMAN, CARNAHAN, BATT, ANGELLE & NADER

*s/ Charles R. Rumbley*
_____

7

>JAMES P. NADER
>Texas Bar No. #24054425
>CHARLES R. RUMBLEY
>Texas Bar No. #24076141
>Pennzoil Plaza
>700 Milam, Suite 1300
>Houston, TX 77002
>T: (832) 871-5286 | F: (504) 586-1290
>jpn@lcba-law.com; crr@lcba-law.com

## Certificate of Service

I hereby certify that on April 18, 2019, I transmitted the foregoing document to counsel for the Plaintiff via email.

>*s/ Charles R. Rumbley*
>_____