IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT EWELL, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-19-1415 |
| | § | |
| CENTAURI SPECIALTY | § | |
| INSURANCE COMPANY, *et al.*, | § | |
| Defendants. | § | |

# **MEMORANDUM AND ORDER**

This insurance case is before the Court on the Motion to Dismiss [Doc. # 5] filed by Defendant Steven Wiley. Plaintiff Robert Ewell did not file a response to the Motion to Dismiss. Instead, Plaintiff filed a Motion to Abstain and Remand ("Motion to Remand") [Doc. # 10], to which Defendant Centauri Specialty Insurance Company ("Centauri") filed an Opposition [Doc. # 11]. Plaintiff failed to file a reply in support of his Motion to Remand, and did not request an extension of the reply deadline. Based on the Court's review of the record and applicable legal authorities, the Court **grants** Wiley's Motion to Dismiss and **denies** Plaintiff's' Motion to Remand.

## I.     **BACKGROUND**

Plaintiff owns property in Fort Bend County, Texas. The property was insured under a homeowner's policy issued by Centauri. Plaintiff filed a claim with Centauri for damage to the property allegedly caused by a severe storm on August 25, 2017.

Defendant Wiley was assigned as the adjuster for Plaintiff's claim. Centauri failed to pay the full amount of Plaintiff's insurance claim.

On February 11, 2019, Centauri gave Plaintiff written notice of its election pursuant to Chapter 542A of the Texas Insurance Code to assume any liability Wiley might have to Plaintiff. *See* Letter, Exh. B to Motion to Dismiss. Plaintiff filed this lawsuit on March 15, 2019, naming both Wiley and Centauri as Defendants. Plaintiff served Centauri on March 20, 2019, and Centauri filed a timely Notice of Removal on April 18, 2019.

Wiley filed his Motion to Dismiss, and Plaintiff filed a Motion to Remand. Both motions are now ripe for decision.

## II.  MOTION TO DISMISS

Wiley argues that the Texas Insurance Code requires dismissal of Plaintiff's claims against him. Under the Texas Insurance Code, an insurer may "elect to accept whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim by providing written notice to the claimant." TEX. INS. CODE § 542A.006(a). Where, as here, an insurer makes such an election before the plaintiff files suit, "no cause of action exists against the agent related to the claimant's claim, and, if the claimant files an action against the agent, the court ***shall*** dismiss that action with prejudice." TEX. INS. CODE § 542A.006(b) (emphasis added).

It is uncontested that Centauri made the Chapter 542A election to accept any liability Wiley may have to Plaintiff. Therefore, pursuant to § 542A.006(b), Wiley's Motion to Dismiss is **granted**.

III. **MOTION TO REMAND**

Any "civil action brought in a State court of which the district courts . . . have original jurisdiction, may be removed by the defendant . . .." 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over lawsuits between citizens of different states where the matter in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1).

A lawsuit involving a non-diverse defendant may be removed if the non-diverse defendant was improperly joined. *See Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004). A non-diverse defendant is improperly joined if "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover" against the non-diverse defendant in state court. *Cumpian v. Alcoa World Alumina, L.L.C.*, 910 F.3d 216, 219 (5th Cir. 2018) (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*)).

In this case, Centauri made an election under Chapter 542A of the Texas Insurance Code before Plaintiff filed this lawsuit and, therefore, "no cause of action exists against [Wiley] related to the claimant's claim . . .." TEX. INS. CODE

P:\ORDERS\11-2019\1415MRemand.wpd   190617.0846

3

§ 542A.006(b). Because there is no reasonable basis to predict that Plaintiff might be able to recover against Wiley in state court, he was improperly joined as a defendant in this suit.[1] The remaining parties are completely diverse and, therefore, the Court has subject matter jurisdiction and removal was proper.

Plaintiff argues that Centauri's Chapter 542A election was not a voluntary act of the Plaintiff and, therefore, "the voluntary-involuntary rule makes this case not removable." *See* Motion to Remand, p. 5. Plaintiff relies on *Massey v. Allstate Vehicle & Prop. Ins. Co.*, 2018 WL 3017431, *2 (S.D. Tex. June 18, 2018) (Miller, J.), to support his argument. In *Massey*, the district court noted that the voluntary-involuntary rule provides that "an action nonremovable when commenced may become removable thereafter only by the voluntary act of the plaintiff." *Id.* (citing *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (quoting *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 547 (5th Cir. 1967)). There is an exception to the voluntary-involuntary rule, however, "where a claim against a nondiverse or in-state defendant is dismissed on account of fraudulent joinder." *See*

---

[1] Plaintiff argues he has alleged a factual basis for his claims against an adjuster, and Plaintiff cites *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 200-01 (5th Cir. 2016). In that case, the Fifth Circuit held that federal pleading requirements apply to the improper joinder analysis. *See id.* at 208. The case did not involve a Chapter 542A election or other Texas law that eliminates a claim against a non-diverse defendant. Regardless of how well-pleaded Plaintiff's factual allegations are against Wiley as an adjuster, at the time the lawsuit was filed, there was no possibility that Plaintiff could recover against him in state court.

*Massey*, 2018 WL 3017431 at *2; *see also Vyas v. Atain Specialty Ins. Co.*, 2019 WL 2119733, *4 (S.D. Tex. May 15, 2019) (Rosenthal, J.); *Greatland Inv., Inc. v. Mt. Hawley Ins. Co.*, 2019 WL 2120854, *2 (S.D. Tex. May 15, 2019) (Miller, J.). Here, Centauri gave Plaintiff notice of its Chapter 542A election before Plaintiff filed this lawsuit. Therefore, at the time the lawsuit was filed, Plaintiff had no viable claim against Wiley.[2] Because Wiley was improperly joined at the time the lawsuit was filed, the voluntary-involuntary rule is inapplicable.

Plaintiff is a resident and citizen of Texas. Centauri is a Florida corporation with its principal place of business in Florida. Wiley was improperly joined and, as a result, his citizenship is not considered in the jurisdictional analysis. The amount in controversy exceeds $75,000.00, exclusive of interest and costs. As a result, the Court has diversity jurisdiction and removal was proper. The Motion to Remand is denied.

---

[2] Plaintiff notes that "evidence of the agent's acts or omissions may be offered at trial and, if supported by sufficient evidence, the trier of fact may be asked to resolve fact issues as if the agent were a defendant, and judgment against the insurer must include any liability that would have been assessed against the agent." Motion to Remand, p. 9 (citing TEX. INS. CODE § 542A.006(g)). Centauri does not dispute that it has assumed any liability Wiley may have to Plaintiff. Centauri's assumption of liability does not, however, make Wiley a party to the lawsuit. Indeed, § 542A.006(g) applies only when the insurer makes the Chapter 542A election and, therefore, "the agent is ***not a party*** to the action." *See* TEX. INS. CODE § 542A.006(g) (emphasis added).

## IV. CONCLUSION AND ORDER

Plaintiff cannot, and could not at the time of removal, recover against Defendant Wiley in this case. As a result, Defendant Wiley was improperly joined and all claims against him are dismissed. It is hereby

**ORDERED** that Defendant Wiley's Motion to Dismiss [Doc. # 5] is **GRANTED**. It is further

**ORDERED** that Plaintiff's Motion to Remand [Doc. # 10] is **DENIED**.

SIGNED at Houston, Texas, this **17th** day of **June, 2019**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE